| | |
|---|---|
| JEREMIAH BARWICK, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>JOHNSON CITY POLICE SEX OFFENDER )<br>REG. )<br>)<br>Defendant. ) | NO. 2:12-cv-267<br>(*Greer/Inman*) |

## **MEMORANDUM and ORDER**

Jeremiah Barwick, a prisoner in the Washington County Detention in Jonesborough, Tennessee, brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983, against the Johnson City Police Sex Offender Registry. Plaintiff has also submitted an application to proceed *in forma pauperis*, and a financial statement which reflects that he has a zero ($0.00) balance in his inmate trust account, (Doc. 1). Nevertheless, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff therefore is **ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)*, overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he resides shall submit to the Clerk of Court twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly

income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Remittances should be mailed to the <u>Clerk, United States District Court; 220 West Depot Street, Suite 200; Greeneville, Tennessee 37743.</u>

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account and to Derrick D. Schofield, Commissioner of the Tennessee Department of Correction, to ensure compliance with above fee-collection procedures.

Plaintiff contends, in his complaint, that he moved to Tennessee in July of 2011. Plaintiff had registered in North Carolina as a non-violent sex offender since his release from prison in 1998, following his 1994 North Carolina conviction for second-degree rape. He advised the Charlotte, North Carolina, Sheriff's Department that he was moving to Johnson City and then, when he arrived, he registered as homeless. The woman in charge of the sex offender registry at the Johnson City Police Department said that Tennessee does not have a second-degree rape offense and listed him as a violent sex offender on the Internet. Plaintiff has registered as a non-violent offender for fourteen years in North Carolina and his yearly letters show him as a registered sex offender, not as a violent offender or a sexual predator. Plaintiff asserts that there is no legal reason for him to be registered lifelong as a violent offender since he has not had the protections afforded to a criminal accused—no public or jury trial, no proof beyond a reasonable doubt, no due process of law. He would have the Johnson City Police Department change his designation as a violent offender to a non-violent offender because that is his true status based on the crime of conviction.

2

Case 2:12-cv-00267-JRG-DHI   Document 4   Filed 11/15/12   Page 2 of 3   PageID #: 14

Plaintiff asks the Court to appoint him counsel, subpoena his court records from Raleigh, North Carolina, and his registry records from the Sheriff's Department in Charlotte, North Carolina, to have his sexual offender designation corrected or taken off the Tennessee sex offender registry, and to award him monetary compensation for slander, humiliation, and libel and for loss of wages.

These allegations essentially are an identical version of a prior complaint filed in this Court by plaintiff. *See Jeremiah Barwick v. Johnson City Police Department, et al.*, Civil Action No. 2:12-CV-235 (E. D. Tenn.). In both actions, plaintiff alleges that he was mistakenly designated as a violent sex offender on Tennessee's Sex Offender Registry and asks to have this corrected so that he is listed as a non violent sex offender. Therefore, this action is duplicate of plaintiff's earlier case.

Duplicative lawsuits may be dismissed as frivolous. *See Taylor v. Reynolds*, 22 Fed. Appx. 537, 539, 2001 WL 1450693, *2 (6th Cir. Nov. 8, 2001) ("A completely duplicative complaint lacks an arguable basis either in law or in fact and, therefore, the instant complaint was properly dismissed on the basis of res judicata.")

Based on the above discussion, the Court finds that plaintiff's complaint is duplicative, thus frivolous, and should be dismissed.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE